

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARENE BARNES,<br><br>                                  Plaintiff,<br><br>    vs.<br><br>BIANCA R. BARNES,<br><br>                                  Defendant. | Case No.:  24cv718-LL-MMP<br><br>**ORDER DISMISSING COMPLAINT** |

Plaintiff Darene Barnes, pro se, filed a short Complaint along with a Motion to Proceed in Forma Pauperis ("IFP"), and a Request for Appointment of Counsel. ECF Nos. 1-3. The Court declines to rule on the IFP Motion and the Request for Appointment of Counsel at this time because it is clear the Complaint must be dismissed.

The Complaint states that the relief requested is "I will like my house back." ECF No. 1 at 1. In support thereof, the Complaint includes one paragraph, but it is mostly illegible and made up of fragmented sentences such as "Lynnell Barnes had a stak on him. Die. Pop Store Pop work away Seattle Police Pop Lynnell Down and Be in Seattle Police. Eye open to hour diff. Derick C. Barnes problem child. Bianca Pop house Down. . . ." *Id.* at 3. The Complaint does not include the "short and plain statement of the grounds for the court's jurisdiction" pursuant to Fed. R. Civ. 8(a)(1). The Complaint also fails to invoke the Court's jurisdiction in any other way. It must be dismissed for that reason. *See*

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts' jurisdiction is presumed to be lacking, until the party asserting jurisdiction demonstrates otherwise). Furthermore, it does not allege that Defendant lives in this District, or that anything giving rise to Plaintiff Barnes' claims occurred here, or that venue is proper in this District for any other reason. The Complaint is dismissed for that reason as well. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Even if the Complaint was not being dismissed for lack of subject matter jurisdiction and improper venue, it does not comply with Fed. R. Civ. P. 8(a)(2) or (3). Further, even if Plaintiff Barnes was granted leave to proceed IFP, the Complaint would not survive mandatory screening under 28 U.S.C. § 1915(e)(2). It does not allege enough factual matter that, if accepted as true, would state a claim to relief that it plausible on its face. *See Ashcraft v. Iqbal,* 556 U.S. 662, 678 (2009).

Accordingly, the Complaint is **DISMISSED**. If Plaintiff Barnes believes she can correct the defects this order has identified, she must file an amended complaint. She must do so no later than **December 30, 2024** or the IFP motion and the Request for Appointment of Counsel will be denied as moot and this action will be dismissed without leave to amend.

**IT IS SO ORDERED**.

Dated:  December 4, 2024

Honorable Linda Lopez
United States District Judge